Smith v. Lee.

SMITH, appellant, v. LEE *et al.*

*Title — to deposits. Pleading — demurrer.*

D. deposited money with defendant in the name of " D. for C.," and took a note payable to " D. for C." *Held*, that this was a complete change of the title to the money. D. became a trustee for C., and after the death of D., a complaint in an action in equity by C. to obtain possession of the money, setting forth the above facts, was not demurrable.

APPEAL from an order of the special term sustaining a demurrer to the complaint.

The complaint is in the nature of a bill in equity, and alleges substantially as follows:

That on or about the 1st of September, 1864, one David P. Smith, since deceased, deposited with the defendant, Albert G. Lee, the sum of $2,234.48, which he directed the said Lee to enter upon

his book in the name of "David P. Smith for Chas. F. Smith," who is the plaintiff in this action, and to make his (Lee's) note therefor payable a year after date, to the order of "David Smith for Charles F. Smith," which was done. That said note was renewed and a new note in the same form made each year, adding in the accrued interest, until the 11th of September, 1871, when the principal and interest amounted to $3,142.44, for which sum said Lee made the note upon which this action was brought; that the note was in the possession of said David P. Smith at the time of his death, which took place August 18, 1872, and now is in the possession of William E. Cornell and Phebe T. Smith, the administrator and administratrix of the estate of said David P. Smith. That at the time the deposit was made with said Lee, said David P. directed the account to be kept separate from that of other moneys at the same time deposited by him with said Lee, and the account was kept separate up to the time of the death of said David P. Smith.

The complaint asked the court to decree that the administrators surrender to plaintiff the said note, and that the said Lee pay to him the amount due, with such other relief as might be just.

The defendant Lee answered, admitting the material facts in the complaint, but asking that the complaint be dismissed upon the ground that neither the money nor the notes mentioned had ever come into possession of the plaintiff.

The defendants Cornell and Phebe T. Smith demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

At the Kings special term, September, 1873, the demurrer was sustained, Mr. Justice PRATT holding that "David P. Smith's dominion and control of the funds deposited never ceased; hence, there was no valid gift *inter vivos.*"

*Jos. P. Osborne,* for appellant.

, for respondent.

BARNARD, P. J. I think the court erred in sustaining the demurrer. The plaintiff avers facts sufficient to sustain his title to the note in question.

David P. Smith, deceased, deposited the money for which the note was given with defendant in the name of "David P. Smith for

Charles F. Smith," and took a note payable to deceased for plaintiff. This was a complete change of the title to the money. The deceased became a trustee for plaintiff, and, although the promise was made by Lee to pay the same to deceased, it was to him as trustee for the plaintiff.

The judgment should be reversed, and the demurrer overruled, with leave to defendant to answer over on payment of costs.

· *Judgment accordingly.*